UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DUANE FULLER,

    Plaintiff,

    v.     CAUSE NO. 3:22-CV-584-JD-MGG

COOPER, et al.,

    Defendants.

OPINION AND ORDER

Duane Fuller, a prisoner without a lawyer, filed a complaint from the Kosciusko County Jail about improper care for a wound from an abdominal surgery he had the month before he entered the jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuller was arrested on July 17, 2022. He alleges that when he was arrested, he had an exposed wound from a June abdominal surgery. He says that the wound was inflamed and infected and that he informed the arresting officer and booking officers of the wound. Nevertheless, he alleges that he was placed in a holding cell without medical attention and stayed there for 48 hours without running water or a mattress to

lay on. He further contends that he did not receive medical attention for his wound for the first 24 hours, even though he was obviously in a lot of pain. Then, when a nurse examined him, she did not treat his wound. Later, though he does not say when, he says he was handcuffed behind his back and lifted up in a "double chicken wishbone procedure" even though the law enforcement personnel knew about his wound. ECF 1 at 3. This action tore open the wound even further. As of July 20, 2022, when he filed this complaint, he says he had not received wound care, medication, or a shower to clean the wound.

Here, the only potential claim that requires discussion is a medical claim against the arresting officer, Officer Cooper, because he is the only defendant mentioned by name in the body of the complaint. Fuller also includes Head Nurse Candy and Sgt. Meza as defendants, but he does not mention them in the body of the complaint. Thus, it is not clear if Head Nurse Candy is the nurse who examined him, or if she is sued in a supervisory capacity. Similarly, it is unclear what Sgt. Meza's role was in Fuller's detention. Liability under § 1983 is based on personal involvement in the alleged violation. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). There is no general respondeat superior liability under § 1983, which means that an individual cannot be held liable simply because employees who report to him violate a person's constitutional rights. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The complaint does not explain Head Nurse Candy or Sgt. Meza's involvement in the events at issue and therefore no claim may proceed against either of them.

2

As to Officer Cooper, the complaint alleges that he refused Fuller medical care for his wound. Officer Cooper's actions during the arrest are governed by the Fourth Amendment's reasonableness standard. *See Pulera v. Sarzant*, 966 F.3d 540, 550 (7th Cir. 2020). "Four factors inform our determination of whether an officer's response to [plaintiff's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." *Ortiz v. City of Chicago*, 656 F.3d 523, 530 (7th Cir. 2011). In addition, Fuller must also "show that the defendants' conduct caused the harm of which [he] complains." *Id.*

The allegations in the complaint do not meet this standard. Fuller's complaint concerns a pre-existing injury with no indication that the officer's conduct worsened it. Fuller claims he told Officer Cooper the wound was inflamed and infected, but he does not say what Officer Cooper should have done differently. On these facts, it was reasonable for the arresting officer to take Fuller to the jail, where trained medical personnel were available to assess any medical needs.

This complaint does not state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Fuller may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a

**Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Duane Fuller until **September 14, 2022**, to file an amended complaint; and

(2) CAUTIONS Duane Fuller if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on August 11, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT