UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DUANE FULLER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22-CV-584-JD-JPK |
| CANDY and DUKE, | |
| Defendants. | |

OPINION AND ORDER

Duane Fuller, a prisoner without a lawyer, filed a complaint from the Kosciusko County Jail about improper care for a wound from an abdominal surgery he had the month before he entered the jail. ECF 1. The court determined he did not state a claim against the arresting officer because it was reasonable under the Fourth Amendment for the officer to take him to the jail after the arrest, where medical care for his non-acute, pre-existing medical condition was available. ECF 4 at 3. Fuller named other defendants but did not connect them to the allegations in the complaint concerning his care at the jail, so the court was unable to determine whether he stated a claim against them. *Id.* at 2. He has now filed an amended complaint, containing more detail about his treatment at the jail. ECF 11. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Fuller alleges that a month before his arrest on July 17, 2022, he had surgery for a strangulated intestinal hernia. ECF 11 at 4. When he was booked into the jail, he informed Nurse Candice Rupp that the still-open wound was infected and needed cleaning, application of a prescribed Dakin's solution, and treatment with a wet-to-dry bandage. *Id.* at 2. She allegedly refused to see him based on Sheriff Duke's instruction that he would not be allowed medical attention until he was formally charged. *Id.* She explained there was a 72-hour grace period before he could receive medical attention. *Id.*

It appears that Fuller was arrested without a warrant, and therefore Fourth Amendment protections apply until he received a probable cause hearing. *See Pulera v. Sarzant*, 966 F.3d 540, 549 (7th Cir. 2020) ("Before a finding of probable cause, the Fourth Amendment protects an arrestee; after such a finding, the Fourteenth Amendment protects a pretrial detainee."). "Under the Fourth Amendment, an arrestee must demonstrate that an official's actions were objectively unreasonable under the circumstances." *Id.* (quotation marks omitted). "Four factors inform our determination of whether an officer's response to [plaintiff's] medical needs was objectively unreasonable: (1) whether the officer has notice of the detainee's medical needs; (2) the seriousness of the medical need; (3) the scope of the requested treatment; and (4) police interests, including administrative, penological, or investigatory concerns." *Ortiz v. City*

of Chicago, 656 F.3d 523, 530 (7th Cir. 2011). In addition, Fuller must also "show that the defendants' conduct caused the harm of which [he] complains." *Id.*

Here, Fuller states a claim against Nurse Rupp and Sheriff Duke under the Fourth Amendment for unreasonable medical care when he was booked into the jail. As to Sheriff Duke, Fuller plausibly alleges he created an objectively unreasonable policy to withhold medical care for arrestees until they are charged, without regard to an arrestee's actual medical needs. And Fuller may proceed against Nurse Rupp, who personally saw him, for relying on the policy to deny Fuller necessary treatment.

State records indicate that a probable cause hearing was held on July 19, 2022. *See State v. Fuller*, No. 43D01-2207-F6-569 (Kosciusko Super. Ct. 1 filed July 19, 2022). After that point, the Fourteenth Amendment's protections apply to Fuller. *See Pulera*, 966 F.3d at 549. "Pre-trial detainees cannot enjoy the full range of freedoms of unincarcerated persons." *Tucker v. Randall*, 948 F.2d 388, 390–91 (7th Cir. 1991) (citation omitted). Nevertheless, they are entitled to adequate medical care. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353-54 (7th Cir. 2018). To establish a violation of the right to adequate medical care, a pretrial detainee must allege: "(1) there was an objectively serious medical need; (2) the defendant committed a volitional act concerning the [plaintiff's] medical need; (3) that act was objectively unreasonable under the circumstances in terms of responding to the [plaintiff's] medical need; and (4) the defendant act[ed] purposefully, knowingly, or perhaps even recklessly with respect to the risk of harm." *Gonzalez v. McHenry Cnty.*, 40 F.4th 824, 828 (7th Cir. 2022) (citation and internal quotation marks omitted). In determining whether a challenged action is objectively unreasonable, the

3

court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). "[N]egligent conduct does not offend the Due Process Clause," and it is not enough for the plaintiff "to show negligence or gross negligence." *Miranda*, 900 F.3d at 353-54.

Fuller alleges that on July 19, 2022, Nurse Rupp entered his cell and took a picture of the infected wound on his abdomen. ECF 11 at 3. He told her the name of the surgeon in Philadelphia who performed the operation and asked for pain medication and antibiotics. *Id.* She told him he was not allowed either, even though his wound was still draining fluids. *Id.* Fuller plausibly alleges Nurse Rupp provided objectively unreasonable medical care for his wound in violation of the Fourteenth Amendment and may proceed against her on this claim.

Fuller also seeks to state a claim against Nurse Rupp for not facilitating the delivery of new prescription glasses from his medical provider in Pennsylvania. ECF 11 at 6. He alleges new glasses he had ordered were waiting at his optometrist's office in Pennsylvania for an address to mail them to. *Id.* He says that he sent several medical requests to Nurse Rupp about his glasses, and she told him that they were in the mail. *Id.* at 6-7. But after they didn't arrive in eight weeks, Fuller had his attorney contact the optometrist and learned that the glasses had not been sent and that Nurse Rupp had not contacted the office. *Id.* at 7. Fuller's attorney paid for the glasses to be sent to the jail, and they have since been received. *Id.*

This does not state a claim for unreasonable medical care under the Fourteenth Amendment. The need for glasses can sometimes become a medical need. *Compare*

4

*Alexander v. Richter*, 756 F. App'x 611, 614 (7th Cir. 2018) (noting the need for prescription glasses could be a serious need under the Eighth Amendment if an inmate needed them to avoid double vision and the loss of depth perception), *with Conway v. Wexford Health Servs.*, No. 3:17-CV-110, 2020 WL 1433830, at *4-5 (S.D. Ill. Mar. 24, 2020) (collecting cases and concluding inmate did not have serious medical need under Eighth Amendment for glasses because his prescription required only a mild correction and the lack of glasses, while inconvenient, did not significantly impair his daily living). But here, it is unclear why Fuller was reliant upon Nurse Rupp to contact his optometrist to provide an address. Moreover, the amended complaint does not plausibly allege that Fuller's daily living was impaired without these new glasses, particularly given that he traveled from Pennsylvania to Indiana without them.

Fuller also names Quality Care Medical Corporation as a defendant, but the company's only involvement is as Nurse Rupp's employer. There is no respondeat superior liability under 42 U.S.C. § 1983, however, which means Quality Care cannot be held liable solely because it employs staff members who were involved in this incident. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). Thus, Quality Care must be dismissed.

Fuller's amended complaint includes other complaints about aspects of his detention. He complains about the pain medication an unidentified jail doctor prescribed for his arthritis and about an alleged use of excessive force by unidentified jail deputies. ECF 11 at 4-5. But the people involved are not named as defendants and the claims are unrelated to his medical claims against Nurse Rupp and Sheriff Duke.

5

"[U]nrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017). If he wants to pursue any other claims, he must file a separate complaint with a new case number for each unrelated group of claims.

For these reasons, the court:

(1) GRANTS Duane Fuller leave to proceed against Sheriff Duke in his official capacity for compensatory damages based on a policy in July 2022 of not allowing arrestees medical care until they are charged in violation of the Fourth Amendment;

(2) GRANTS Duane Fuller leave to proceed against Nurse Candice Rupp in her individual capacity for compensatory and punitive damages for refusing to provide any medical treatment for an open, infected wound from July 17-19, 2022, in violation of the Fourth Amendment;

(3) GRANTS Duane Fuller leave to proceed against Nurse Candice Rupp in her individual capacity for compensatory and punitive damages for providing objectively unreasonable medical care for an open, infected wound starting July 19, 2022, in violation of the Fourteenth Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES Quality Care Medical Corporation;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Candice Rupp at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 11);

(7) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff Duke at the Kosciusko County Jail, with a copy of this order and the complaint (ECF 11);

(8) ORDERS Quality Correctional Care, LLC, and the Kosciusko County Sheriff's Office to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(9) ORDERS, under 42 U.S.C. § 1997e(g)(2), Nurse Candice Rupp and Sheriff Duke to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on February 13, 2023

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT